MORGAN KING, *Plaintiff in Error*, v. ELWIN WALLACE LAW, *et al, Defendants in Error*.

Division B.

Opinion filed May 20, 1926.

*W. J. Oven,* for Plaintiff in Error;

*Francis B. Winthrop* and *Fred H. Davis,* for Defendant in Error.

BUFORD, J.—This action is before this Court on writ of error to the Hon. Circuit Court of Leon County.

The action was one of ejectment brought by the defendants in error against the plaintiff in error resulting in a directed verdict and judgment in favor of the plaintiffs in the trial court.

The declaration was in the usual form, the plaintiff there claiming the right of action through the provisions of a will of George Wallace Law, deceased.

Defendant tendered a plea of "not guilty" and also an equitable plea in the following language:

"1. That he is not guilty.

"2. And for a further plea to the plaintiff's declaration upon equitable grounds, the defendant says: That in the month of March, A. D. 1905, the said George Wallace Law, now deceased, and the testator of the said plaintiff, agreed with the defendant, that he, the said George Wallace Law would purchase for defendant from George Miller the property described in the Plaintiff's declaration and agreed with defendant that defendant should enter into immediate possession of said property, build a house thereon and pay to said George Wallace Law, deceased, the consideration of $250.00 paid by said Law to said Miller, with interest thereon at 8 per cent per annum from the date the money was paid to said Miller until repaid by defendant to said Law. That it was agreed that as security for the payment of said purchase price and interest thereon, that might

accrue, that the said George Wallace Law would take title in himself, but for the use and benefit of defendant until and when defendant had paid him, the said George Wallace Law, the said sum of $250.00, with interest as aforesaid until paid. That defendant, pursuant to said agreement, went into possession of said property, claiming the same as his own, built his home thereon, and has always since lived in said home and claimed and possessed said property as his own. That defendant·paid said George Wallace Law, from time to time, large sums of money on account of said purchase price and has in fact and in law paid the said Law the full purchase price with interest, but the said Law has, from time to time refused to quit claim or convey to defendant the legal title to said property until and when the defendant could pay other advances made defendant on open account and outside of the agreement with reference to said lands, but which said sum, because of the unreasonable charges in reference thereto, and the further charge of compound interest on the account as rendered by said Law to defendant, defendant was unable to pay. That the position of said Law has always been, and still is, in equity that of a mortgagee or trustee for the use and benefit of himself to the extent of the purchase price paid said Miller and legal interest thereon. That as to such purchase price and interest legally chargeable to this defendant, this defendant has been always and still is, ready, willing, and able to pay, if any be due, upon the correct amount thereof being determined and accepted by the said Law or by the said plaintiff, and defendant says that he still stands ready, willing and able to pay the same, if any is legally due. That during all of the time of defendant's possession, he has been by the said Law, the said plaintiffs, and the world recognized as the owner and in possession as the owner of said property and that defend-

ant has never at any time recognized plaintiffs or the said George Wallace Law as the owner of the fee and the right to the possession of said property.''

To these pleas the plaintiffs joined issue and replied as follows:

''Now come the plaintiff by their counsel and say that they join issue on each of defendant's pleas.

''And for a special replication to the defendant's second plea the plaintiff:s say they deny each and every allegation of defendant's equitable plea as amended.''

Among other things plaintiff offered in evidence the alleged contract which constituted the basis of the defendant's equitable plea, which was in the following language:

''Western Department.

—————————— ROYAL INSURANCE COMPANY,

Illinois, Indiana, Ohio    Royal Insurance Building,
Michigan, Iowa,             169 Jackson Street,
Kansas, Missouri,          Chicago, —— 1—.
Minnesota, Wisconsin,
North Dakota, South Dakota,
Nebraska, Colorado,
Wyoming.

—————————

LAW BROTHERS, Managers.
John H. Law, George W. Law
Address all letters to the Managers.

In consideration of Geo. W. Law purchasing from Mr. George Miller a tract of 70 odd acres of land and allowing me to occupy the place with the privilege of purchasing the same, I agree to put thereon a good house & repair those now on same also to clean up & care for the entire place as if the title thereto was in my name—agreeing not to cut or destroy any trees except as permitted so to do—*no good shade trees to be cut.* I further agree that in con-

sideration of the benefits to be derived from this transaction Geo. W. Law shall have the right at any time to put upon the place a shooting cabin such as he may wish & shall at all times have free access thereto including a suitable drive or entrance from the main road—Geo. W. Law to select the location therefor as he may desire at all times (even after the title of the place shall pass to me by purchase) to be permitted to fully enjoy the use of the same. The right to put up such cabin being reserved to him as full & free after the title shall pass to me as before. I further agree to care therefor in his absence & have same in good condition when he comes down, including adjoining ground. For this privilege of tilling the soil and living on the place I agree to pay an annual rental of 700 pounds of lint cotton and to *pay each year to apply upon purchase money at least* $50.00 *in money*. These conditions upon my part to be the basis of understanding Entitling me to purchase the property. The rental to be reduced each year in proportion to the amount of money paid toward the purchase Geo. W. Law to give me a deed to the property upon my fully paying up the full purchase price of $250.00—rentals & other conditions being fully complied with—Failure on my part to fully keep the terms of this agreement to forfeit my rights thereunder.

"Witness my hand this 2 January 1905. MORGAN KING (Seal)."

This contract was signed only by Morgan King. At most it can be considered a contract of lease by Morgan King from Law showing an understanding that King should have an option to purchase the property and receive a deed conveying same upon complying with certain there stated conditions, which however, was in effect a mere parole agreement.

The evidence failed to show that the defendant complied

with the conditions of the agreement whereby he was to have acquired title or that he was ever at any time able, willing and ready to carry out the same even had the agreement been entered into in such a manner as to bind the plaintiffs in this regard.

There were five assignments of error as follows:

"1. The Court erred in sustaining plaintiff's objection to to the question propounded to witness T. S. Green, to-wit: 'How did you come to turn that cotton over to Mr. Law?'

"2. The Court erred in overruling defendant's objection to the question propounded to witness T. S. Green, to-wit: 'Do the community around Miccosukie generally consider this land as belonging to Morgan King?'

"3. The Court erred in denying and overruling defendant's motion to strike the answer of the witness Green to the question asked above—said answer being: 'No, sir.'

"4. The Court erred in instructing the jury to find its verdict for the plaintiffs.

"5. The Court erred in denying and overruling the defendant's motion to set aside the verdict rendered in said cause and grant the defendant a new trial."

The evidence shows that King was the tenant of Law. The possession of King the tenant was the possession of Law, the owner. The elements necessary to create a trust estate in Law for the benefit of King as an equitable owner are not found in the record.

It appears that the matters complained of did not constitute reversible error and that no material injustice was done the defendant by such rulings and judgment of the trial Court. The judgment will therefore be affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.